Good morning, Your Honors. Good morning. May it please the Court, Christopher Burke for the appellant. There's three reasons. I wanted to be sure your microphone's on. I'm having a little difficulty. That's better? Thank you. I'd like three minutes for a rebuttal. Okay, just keep your eye on the clock. There's three reasons the District Court decision should be reversed. First, it didn't follow Ninth Circuit precedent. Second, the motion that was filed was sufficient under the local rules. And third, the motion only asked for appellate attorney's fees. So how does Ninth Circuit precedent affect this? In the voice case, the Ninth Circuit has said, you're entitled, if you're entitled to attorney fees below, you're entitled to attorney's fees on appeal. We received attorney's fees below, and that's in a fee-shifting statute. Second, it says even if the purpose of the appeal was for attorney's fees, that's sufficient to get attorney's fees on appeal. And that's what happened here. What the District Court has done has hamstringed debtors and debtors' attorneys. For instance, if the bankruptcy court had said the stay wasn't violated and it was appealed, and the District Court said, yes, it was back down, of course the debtor's attorney would be entitled to attorney's fees under 362K. It's no different here. Under 362K, attorney's fees are actual damages. And so when the District Court sent it down and the bankruptcy court increased the fees, that was actual damages that were increased. So the District Court erred in saying that the debtor lost on appeal. What is your authority for the, if you will, the differential between regular damages and attorney fees? You're treating them as one and the same. For example, in Schwartz-Tallard, they certainly didn't treat them the same. Aren't we really talking about, in this case, when you started out, it was Sternberg which barred it. Then in the middle of that appeal, we had Schwartz- Tallard, got sent back down. The bankruptcy judge added attorney fees. You didn't think it was enough. And then you're appealing that. That's really what we're talking about, right? No, I'm appealing the fact, the attorney's fees for the appeal. I'm not saying the bankruptcy court fees weren't sufficient. No, no, I understand. Okay. But I thought the bankruptcy judge, once Schwartz-Tallard came down, did award some fees for your earlier appeal. Is that wrong? That's incorrect. Incorrect. So there were no fees awarded. So your appeal, from your perspective, is not how much was awarded for your attorney fees on appeal, but that there were none awarded at all. Is that correct? Correct. Yeah. The bankruptcy court awarded $1,000. After the remand, it went up. Then I went back to district court and said I wanted my attorney's fees for the appeal. And the district court said no, one you lost on appeal. But I don't know how we lost when it was remanded down and greater fees were added. And how do we get actual fees or attorney's fees? The statute. What was the, forgive me, what was the $1,000 awarded previously when you came back down? Because Sternberg was still in effect. And the court said once the garnishment was stopped, that's all the fees you get. Basically, two hours. In other words, the that was the time for the appeal and when the original garnishment was honored. That was all before the bankruptcy court, right? That was just for the fees for doing the all-day evidentiary hearing and the motions that went back and forth. He awarded $1,000, said he was hamstrung by Sternberg. I appealed saying greater fees should have been awarded even under Sternberg, because by that time another case, Snowden, had come out. And it kind of started expanding how many or how much in attorney's fees you could get for a stay violation. And so I specifically appealed. Well, that was one of the reasons. I also thought the debtors should have gotten more actual damages. But the statute 362K says attorney's fees includes, I mean, actual damages include attorney's fees. And that's, it's also found in the In re Dawson case from the Ninth Circuit from about 10 years ago. So first, the district court erred by saying we lost on appeal. No, the whole, somewhat sarcastically, my brief, I said, all attorneys, which that if that was the way to lose on appeal, that would be the way to do it. You lose and you get more attorney's fees. But it wasn't a loss. And I wouldn't have gotten the right. You were lucky because Schwartz-Tollard came down while you were on appeal, right? That's what CSM would have you think. But here's why that's not correct. Because I specifically said, even under Sternberg, I should have gotten more fees. And because Snowden had come down. So that was an issue on appeal. But the district court never reached it. So you're saying under Sternberg, you were right. The bankruptcy court should have given me fees up until the it decided the evidentiary hearing. Instead, it limited it under Sternberg and said, no, once they stopped the garnishment, that's it. And by the way, we're gonna have an evidentiary hearing to prove willfulness. And I said, well, that's why I appealed. I said I should have gotten more fees for having to do the evidentiary hearing. And didn't I guess what's troubling to me is which side? I'm not sure whether you're looking for fees on appeal, which is what I thought you were looking for. Or whether you're talking about the earlier damages that you've got for your evidentiary hearing, which is it? It's just the pellet fees. Okay. And that's what? What's the problem? What? Now that you have Schwartz-Tollard, isn't that clear that you are entitled to ask for attorney fees on appeal? Yes. And that's why we're here. Because they were denied. Right. But what I'm saying is, from your perspective, that gives you what you're looking for, right? Yes. Okay. And I have another 20 seconds before the three-minute rule. But it's not only that we're entitled to the appellate attorney fees. That's all we asked for. Counsel? Yes, Judge? I want to get clarification. You said the district judge faulted you for failing to allocate fees between the bankruptcy and the appeal. It's not clear to me that he was saying you failed to allocate between the appellate issues that you won on and the ones that you lost. Which was it? To me, it was the first one. Okay. And what I put in my brief was, I mentioned appellate fees at least a dozen times in the motion, and counsel's opposition to that said, opposition to motion for appeal. So everybody knew it was just for the appeal. And there would have been no reason to request bankruptcy court fees, because they had already been granted. So the court erred in thinking it was anything beyond asking for appellate fees. Let me ask you this. I know you want to save some time, but this falls on the same thing. Let's just say that you had been awarded some portion of fees for an appeal, but you didn't think it was enough. Are you entitled to get fees on an appeal of the denial of the previously awarded appellate attorney fees? It would have been an abuse of discretion. And I don't think I would have gotten any. If the judge said you get $1,000 for the appeal and I appealed here, I think I'd have to lose, unless you thought he abused his discretion and that the appeal was only worth $1,000. Okay.  Good morning, Ms. Halstead. Good morning. May it please the court. My name is Patricia Halstead. I'm appearing on behalf of Collection Service of Nevada, which I'll refer to as I have in these proceedings as CSN. I want to thank you for the opportunity to appear and argue here today. And I want to clarify why we're here. We're here for the appeal of the district court's order that properly denied appellants and the award of attorneys for an appeal that on their own, in an attempt to bolster damages, they had already been awarded. Actual damages were affirmed, and it was only because of the interviewing ruling that this court made in Schwartz-Tallard. And I'm sorry, you say Schwartz-Tallard. It doesn't matter. I might hurt your... You sat on that panel, so you know better than me. That was the only reason it was remanded. So it was a district court, and Schwartz-Tallard came down eight months into the appeal. So everyone was on the same playing field. Everyone knew what the limitations were, and especially Mr. Burke, who has self proclaimed to have been involved in over 10,000 bankruptcy cases. He knew what the playing field was, and it was just a matter of timing. Had the appeal been decided just a little bit sooner than that ruling, we wouldn't even be here today. So what do we do? Here we have an appeal that, at least under Sternberg, was probably not gonna work. Correct. Arguably, experienced counsel would know that. He sees this differently today, but at the time, he probably knew that he was not gonna get anywhere. And then just before it's over, our case comes down, changes the rules. We have a fee shifting statute. Congress wanted to, presumably, make certain that when the automatic stay is violated, that poor debtors that don't have any money are gonna be protected. There's some incentive to protect that. We said in Schwartz-Tallard that you can go in an appeal to protect that, because otherwise it might be meaningless. Given that fact, or given those facts, what do we do with this? It's a little unusual, because he kind of lucked out that this came down when it did, right? Well, that's what it was. It was luck, right? So he's already prevailed. It got remanded, and he got every single penny of his attorney's fees he was asking in the below proceeding. So he got attorney fees for the appeal? No, not the appeal. Okay. The appeal's fees are the... Oh, I were here today. Those are the only fees he didn't get. Right, exactly. But I just wanna make certain, because, frankly, the briefs are not clear to me which fees we're talking about. But you agree with him now that all we're talking about today is whether attorney fees are due on the appeal that was taken, which would have been lost, but for Schwartz-Tallard, right? Correct. And I apologize if that wasn't clear in the briefings, because I would, of course, always want my briefings to be clear. Two things in response to your early observation. It was a gamble, right? Because Mr. Burke, appellant's attorney, was the one who pushed for that expansion of fees to prosecution of the stay violation and not just for enforcing the execution. So he knew about Schwartz-Tallard better than any of us, because he was forced behind it. So he knew that was pending. He knew it was before this court. So it got tied up in appeal to bank on that, right? It was a gamble, and he won. It was a good gamble. But that doesn't entitle him to the attorney's fees for the appellate action. Because what Schwartz-Tallard says, and what it's very clear about, and I can quote it for you, and this, that's part of the problem is this is consistently taken out of context. It says, When a party is entitled to an award of attorney's fees in the court of the first instance, she is ordinarily entitled to recover fees incurred in successfully defending the judgment on appeal. They had already won. They didn't need to defend anything. For lack of a better term, it was greed, really, because they wanted more. So there was no reason to enforce the stay violation. There was no reason to continue to prosecute the stay violation. Let me ask you this, and I'd ask your opponent about this as well. You got the award below, but he thinks it's not enough. Any appeals under Schwartz-Tallard or the statute, is he entitled, if he's successful on the appeal, to get attorney fees for that? No, because they're no longer defending. And if they're not happy with the award, then that should be on them. But the court has to be careful. And there's a lot of citations in the brief about this, about creating a profit center for counsel. And I want to, I did a little math and I want to point it out to you. The award of attorney's fees that was already given for all the time absent this appellate work that Mr. Burke has put into this case, he has made $284.81 an hour. That's without these appeal fees for a matter that debtors got $1,295 in total. So roughly a quarter of the total. Yes. 13% without these fees. And so he already, he already benefited from Schwartz-Tallard, which again, was very lucky, very smart. But how, how far does CSN have to pay for this? And mind you, this is a quintessential case of bad facts make bad law, because this wasn't CSN's fault. CSN got the stay violation attributed to them because of prior counsel and a delay of 22 days. So CSN has been drug along on this ride up to the ninth circuit when really Mr. Burke could have called counsel at the beginning and just said, Hey, did you get my facts? There's a garnishment. Can you please remedy it? But instead he's made over $17,000 because he never made that call. So you have to weigh who does the court want to help here? Which I'm sure, I'm positive this court wanted to help the debtors. Let me, let me clarify that a little bit. What we're trying to do is clarify the law. Like you say, sometimes bad facts make bad law. And I guess my question would be, you're coming pretty close to saying in effect that there was bad faith here and we need to factor that into what we decide in terms of the attorney fees. The statute clearly does talk about defending the earlier ruling, right? So you're suggesting, and I think that because that had been awarded and that was just fine, there was no basis for appealing it at all. Is that correct? Correct. The only basis for appeal was to gamble on Schwartz-Tallard coming down. And he had personal knowledge of that because he was counsel in this case. But he never briefed the Schwartz-Tallard arguments in his brief. So he never preserved the issue for appeal. So when you look at the district court's order, and let's do that because that's be so personal. I mean, the phone rings both ways, doesn't it? I was around at the time, Your Honor. I, I, the, the attorney that was there was retiring. He got the facts. He also missed a notice for hearing. The contempt order was issued before CSN itself got the notice of the hearing. So CSN was dug really deep before it got to the bankruptcy court and tried to dig out, and it's been digging out ever since it, it, it was in a deep hole and it's unfortunate, but that's what happened. Um, and is, is that address your question before I move on? I guess. Yeah. And frankly, they didn't know about it until they got the notice of the hearing to determine damages is what they, is what, what my understanding was. Let's assume for a moment that they had called and somebody dropped the ball on CSN's part and there was no, was I enter, nothing like that, but otherwise we have the same facts. Would they be entitled to attorney fees on appeal since they didn't agree with what they were awarded before? No. And that's what I'm going to get to. The only authority you've been cited to for appellate fees is Schwartz-Teller. And Schwartz-Teller specifically says the whole policy is, well, let me, let me just get to that policy and then I'll go back to the point I wanted to make about the order. Um, 362K allows for attorney's fees to end a state, a state violation and to prosecute for damages. And that encompasses an appeal when a debtor is forced to defend a finding of a state violation, because that's also in the nature of enforcing a state violation. When they got the order in their favor, they were no longer enforcing. They were no longer pursuing it. They already won. So if they're not happy with what they want, then that's on them. But what they're doing is requiring a creditor to just continually pay until they're happy with the payout. What if the amount awarded was insufficient? Say, say they felt that the damages they'd suffered was 10,000 and they got a thousand. Would they be entitled to appeal that and get attorney fees on that if they were successful? Well, I think that, well, they weren't successful is the problem. Oh, I understand. But I'm just saying, if they did, would they be entitled to attorney fees? My, my argument would be no, because they were already granted relief. Whether or not they're happy, no one's going to be happy with the relief, right? Everyone always wants more. At some point you either have to accept it and move on, or if you want more, then that's on you, but you got to foot that bill. Doesn't that fly in the face of a fee shifting statute? I'm sorry? Doesn't that fly in the face of a fee shifting statute? Well, but the fee shifting statute has been interpreted by this court to shift so long as they're pursuing the violation of the stay or pursuing damages for that. And that ceases once they get an award and that award is paid. Just because they don't like the award, a court has spoke on that and they have to accept that. And if they want to appeal, then that's the, then, then they can take that gamble, but the creditor shouldn't have to fund that indefinitely. Now the order itself, I see I just have a couple more seconds. Can I make that point? It was based on two things. The appellate did not properly segregate their fees for the relief they have received. The relief was the remand. And again, there was no argument about Schwartz-Tallert. That's the point that the district court is trying to make. That was never brought up. That was just, again, lack of timing. The second issue was that attorneys fee award did not successfully defend the appeal of a stay violation. And again, that's the standard I've just been talking about. There was no, they had already won. They weren't defending the stay violation at that point. And so they're not allowed fees under Schwartz-Tallert. And that's the only authority anyone's brought to the court's attention. Other questions by my colleagues? No, thank you. All right. Thank you. Thank you. So we have some rebuttal time for. Thank you, your honors. Several things. At the bankruptcy court level, and this is found in my reply brief, page four, I specifically told the bankruptcy court, I may try to overturn Sturberg and this may be the case to do it. So it was brought up at the bankruptcy court. You're limiting me and I should get more fees. No other court had agreed with Sturberg. I just want to clarify. Do you agree with her that you were the attorney on Schwartz-Tallert? Yeah. Okay. And I recall, Judge, you were there. Yeah. Anyway, so I brought up to the bankruptcy court, Sturberg is too limiting. And then in my appeal brief to the district court, exhibit 13, pages 125 through 129, specifically said greater attorney's fees should have been awarded because I had to go through an evidentiary hearing. There were five motions, several other hearings held that I should get those fees. Number two, their opposition to the first appeal to district court on pages 153 through 159, exhibit 14, talk about greater attorney's fees. So to say I didn't bring it up to the district court, it's just simply untrue. Also, I'm running out of time, your honor. I don't know. Indeed, you've run out of time, but you've done a fine job, both of you. So we thank you both for your argument. Any questions by my colleagues before we let these folks go and have a nice lunch together? I'm sure you will. The case just argued is submitted.
judges: Fisher, M. Smith, Piersol